PER CURIAM.
We have for review the report and recommendation of the referee. No petition for review was filed. Jurisdiction is pursuant to article V, section 15, Florida Constitution.
We have summarized the complaint of The Florida Bar to the following allegations:

Count I

The respondent is a member of The Florida Bar and is subject to the jurisdiction and disciplinary rules of this Court.
Miss Linda Charles endorsed a cashier’s check in the amount of $13,467.73 to respondent’s trust account with the understanding that cashier’s checks payable to others would be returned to her.
Respondent gave Miss Charles checks to-talling $6,000, which were honored. The remaining checks given to Miss Charles were not honored due to insufficient funds. Despite her repeated requests to the respondent for the return of the funds she entrusted to respondent, she has not received any valid checks or cash from him. The funds now due Linda Charles amount to $7,467.73.
During the period of time in question, respondent repeatedly appropriated the trust account funds to his personal use.
By failing to apply funds entrusted to him toward the specific purpose for which they were received, respondent violated Fla.Bar Integr.Rule, art. XI, Rule 11.02(4).
Respondent has also violated Fla.Bar Code Prof.Resp., D.R. 1-102(A)(3), D.R. 1-102(A)(4) and D.R. 1-102(A)(6).

Count II

During September of 1979, Patricia Farmer and her husband, Charles E. Farmer, retained respondent to secure a dissolution of their marriage.
Respondent was paid by both parties for his services, and had arranged for a court hearing on the matter. At the hearing the judge declined to issue a Final Decree of Dissolution unless respondent obtained proof that Mrs. Farmer’s husband had been properly served.
After this hearing respondent ceased all contact with the Farmers and became inaccessible to them.
To the date of these findings respondent had not secured the dissolution for which purpose he was retained.
By reason of the foregoing, respondent violated Fla.Bar Code Prof.Resp. D.R. 6-101(A)(3) and D.R. 5-105(A).

Count III

During the period from about September, 1979, through about February, 1980, the respondent maintained a trust account, No. 44-0062836, at the First State Bank of Miami, Hialeah/Miami Springs Branch.
Respondent failed to identify deposits into the trust account, to show where the deposits came from, or from whom deposits were received.
*26 Several checks written on the trust account were not identified as to the clients to whom or from whom the funds were disbursed.
No file or ledger was maintained containing an accounting for each person from whom or for whom trust money was received.
Fourteen checks drawn on respondent’s trust account were signed by him to cover office operating expenses or personal expenses.
Overdrafts of $57.81, $5,047.10, and $8.36 are shown on the above mentioned trust account.
By reason of the foregoing, respondent has violated Fla.Bar Integr.Rule, art. XI, Rule 11.02(4) and Fla.Bar Code Prof.Resp., D.R. 9-102(A), D.R. 9-103(B)(3), and D.R. 1-102(A)(4).
The findings of the referee are as follows:
After considering all the pleadings and evidence before me, pertinent portions of which are commented upon below I find:
Based upon the respondent’s ANSWER and his failure to Respond To The Request For ADMISSIONS, he has admitted all of the allegations in the Complaint.
On November 5, 1981, the undersigned granted the complainant’s Motion For Judgment On The Pleadings and Motion For Order Deeming Matters Admitted Due to Respondent’s Failure to Respond to Request For Admissions.
In brief, the respondent embezzeled $7,467.23 he was holding in his trust account for a Miss LINDA CHARLES and he received $400 from a Mr. & Mrs. FARMER to secure a dissolution of marriage which he never completed. In addition, the respondent commingled funds and paid personal financial obligations with trust account checks.
Based on his findings the referee made the following recommendations:
As to Count I
I recommend that the respondent be found guilty and specifically that he be found guilty of the following Violations of the Integration Rule of The Florida Bar and the Disciplinary Rules of the Code of Professional Responsibility to wit:
Article 11.02(4) of the Integration Rule of The Florida Bar, in that the respondent failed to apply trust funds entrusted him towards the specific purpose for which they were received.
Disciplinary Rule 1-102(A)(3)(4) and (6), since the respondent converted trust funds to his own use, engaged in illegal conduct involving moral turpitude which adversely reflects upon his fitness to practice law and he engaged in conduct involving dishonesty, fraud, deceit and misrepresentation.
As to Count II
I recommend the respondent be found guilty and specifically that he be found guilty of the following Violations of Disciplinary Rules of the Code of Professional Responsibility, to wit:
Disciplinary Rule 6-101(A)(3), in that he has neglected a legal matter entrusted to him and Disciplinary Rule 5-105(A) in that he had a conflict of interest in representing both husband and wife in a dissolution of marriage case.
As to Count III
I recommend that the respondent be found guilty and specifically that he be found guilty of the following Violations of the Integration Rule of The Florida Bar and Disciplinary Rules of the Code of Professional Responsibility, to wit:
Article 11.02(4) of the Integration Rule of The Florida Bar.
Disciplinary Rules 9-102(A), 9-103(B)(3) and 1-102(A)(4).
The referee has recommended that the respondent be suspended from practicing law for not less than three years. He has recommended that restitution to all persons to whom respondent owes money be a condition of reinstatement. As a further condition of reinstatement the referee recom *27 mended that respondent have the burden of proving that he is rehabilitated of any alcoholic or psychiatric problems and that he is fully qualified to practice law. Finally, respondent should be required to submit himself to a psychiatric examination by a psychiatrist selected by The Florida Bar.
We approve the recommendations of the referee. The respondent, Michael T. Tar-rant, is hereby suspended from the practice of law in Florida for three years. As a condition of reinstatement he shall make restitution to all persons to whom he owes money. Further, as proof of his rehabilitation, respondent will have the burden of proving that he is rehabilitated of any alcoholic or psychiatric problems and that he is fully qualified to practice law. Also, as part of the proof of rehabilitation, respondent must submit himself to a psychiatric examination by a psychiatrist selected by The Florida Bar.
Costs in the amount of $710.69 and any other costs that may have been incurred as a result of these proceedings are charged against the respondent. The suspension shall be effective June 28, 1982, thereby giving respondent time to close out his practice and take the necessary steps to protect his clients, and it is ordered that respondent shall not accept any new business.
It is so ordered.
ADKINS, Acting C. J., and BOYD, OVERTON, ALDERMAN and MCDONALD, JJ., concur.